**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

HENRY L. IVY, JR.
REG. #04738-045                                                                    PETITIONER


VS.                                        2:09CV00001 WRW/JTR


T.C. OUTLAW,
Warden, FCI Forrest City                                                    RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.  If the
objection is to a factual finding, specifically identify that finding and the evidence that supports your
objection.  An original and one copy of your objections must be received in the office of the United
States District Clerk no later than eleven (11) days from the date of the findings and
recommendations.  The copy will be furnished to the opposing party.   Failure to file timely
objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the United States District Judge,
you must, at the same time that you file your written objections, include a "Statement of Necessity"
that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

On January 5, 2009, Petitioner, Henry L. Ivy, Jr., filed this § 2241 habeas action.  (Docket entry #1.)  On February 13, 2009, Respondent filed a Motion to Dismiss (docket entry #6) to which Petitioner has now filed a Response (docket entry #7).  Thus, the issues are joined and ready for disposition.

Before addressing the merits of Respondent's Motion to Dismiss, the Court will review the pertinent procedural history of this case.   On May 12, 1988, Petitioner was convicted of conspiracy to distribute cocaine and cocaine base, distribution of cocaine and cocaine base, possession of cocaine base with intent to distribute, and use of a firearm during a drug offense.[1]  *United States v.*

---

[1]In his Response to Respondent's Motion to Dismiss, Petitioner concedes that these offenses occurred before November 1, 1987, the effective date of the United States Sentencing Guidelines. (Docket entry #7 at ¶5.)  *See also United States v. Ivy*, 889 F.2d 1090 (8th Cir. 1989) (unpublished *per curiam*) (discussing sufficiency of the evidence and the offense conduct in June of 1987).

*Ivy*, W.D. Mo. No. 87-cn-00254-01.   On July 29, 1988, he was sentenced to an aggregate of forty-five years of imprisonment in the BOP.   *Id.*

Petitioner appealed his conviction to the Eighth Circuit Court of Appeals, which affirmed on August 30, 1989.   *United States v. Ivy*, 889 F.2d 1090 (8th Cir. 1989) (table) (unpublished *per curiam*).

On October 6, 1992, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.   *Ivy v. United States*, W.D. Mo. No. 4:92CV00895 DW at docket entry #1.   On February 23, 1994, the trial court denied the Motion and Petitioner appealed.   On June 8, 1995, the Eighth Circuit affirmed.   *Ivy v. United States*, 57 F.3d 1074 (8th Cir. 1995) (table) (unpublished *per curiam*).

On June 2, 2008, Petitioner filed a "Motion to Correct Illegal Sentence Under Fed. R. Crim. P. 35(a) and 18 U.S.C. § 3582(c)(1)(B)" in the Western District of Missouri, arguing that his sentence was illegal pursuant to *Kimbrough v. United States*, 552 U.S. 85 (2007).[2] *United States v. Ivy*, W.D. Mo. No. 87-cn-00254-01, at docket entry #58. On July 25, 2008, the trial court entered an Order denying Petitioner's Motion because he was sentenced for offenses occurring *prior* to the effective date of the United States Sentencing Guidelines (the "Guidelines").[3]   Under these circumstances, the court concluded that "his sentence was imposed without influence or direction from the Guidelines treating crack and powder cocaine differently."   *United States v. Ivy*, W.D. Mo.

---

[2]In *Kimbrough v. United States*, 552 U.S. 85 (2007), the Court held that a district court may consider the disparity between the Guidelines' sentences for powder and crack cocaine and use it as a basis for retroactively reducing the sentence imposed on a defendant convicted of selling crack cocaine.   *See*, U.S.S.G. § 2D1.1(c).

[3]The Guidelines became effective on November 1, 1987, and are  inapplicable to offenses that occurred prior to that date.   *See* Pub. L. 98-473, 98 Stat. 2031 (1984).

No. 87-cn-00254-01 at docket entry #59. Petitioner appealed the denial of this Motion, and, on August 22, 2008, the Eighth Circuit summarily affirmed pursuant to Eighth Circuit Local Rule 47A(a).  *United States v. Ivy*, Eighth Cir. No. 08-2806 (unpublished slip op. Aug. 22, 2008).

On September 29, 2008, Petitioner filed a Petition in the Eighth Circuit Court of Appeals requesting permission to file a successive § 2255 Petition in the Western District of Missouri.  *Ivy v. United States*, Eighth Cir. No. 08-3220.  Petitioner argued that he was denied equal protection because defendants sentenced for crack cocaine offenses, under the Guidelines, have had the opportunity to have their sentences retroactively reduced.  *See Kimbrough* and 2007 Guidelines amendments reducing the disparity between powder and crack cocaine.[4]  On October 29, 2008, the Eighth Circuit denied Petitioner's request to file a successive § 2255 Petition in the Western District of Missouri.  *Ivy v. United States*, Eighth Cir. No. 08-3220 (unpublished slip op. Oct. 29, 2008).

In this § 2241 habeas action, Petitioner reasserts his § 2255 claim, that he has been denied equal protection because he received a pre-Guidelines sentence for crack cocaine offenses but he cannot seek to have  that sentence reduced under *Kimbrough* and the 2007 Guidelines amendments. In his Motion to Dismiss, Respondent contends that Petitioner has failed to state a claim.

For the reasons discussed below, the Court concludes that Petitioner's claim is not cognizable in a § 2241 habeas action.  Thus, it recommends that Respondent's Motion to Dismiss be granted, and that this action be dismissed, without prejudice.

## II.  Discussion

It is well settled that a collateral challenge to a federal conviction or sentence must be raised

---

[4]Amendment 706 to the Sentencing Guidelines "generally lowered the Guidelines base offense level for crack offenses by two levels[.]" *United States v. Baylor*, 556 F.3d 672, 673 (8th Cir. 2009).

4

in a motion to vacate that is filed in the *sentencing court* under 28 U.S.C. § 2255, and not in a habeas petition filed in the *court of incarceration* under 28 U.S.C. § 2241. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004). However, § 2255 contains a "savings clause," which provides that the court of incarceration can hear a challenge to a federal sentence or conviction that is brought in a § 2241 habeas petition in the "rare instance" in which the remedy under § 2255 is "inadequate or ineffective." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Stated differently, the court of incarceration has subject matter jurisdiction over a collateral attack on a conviction or sentence rendered by another district court only if the remedies in the sentencing district are inadequate or ineffective. Importantly, it is the petitioner's burden to establish that his remedies in the sentencing jurisdiction are inadequate or ineffective. *Hill*, 349 F.3d at 1091.

In defining what is meant by "inadequate or ineffective," the Eighth Circuit has held that more is required than merely demonstrating that there is a procedural bar to bringing a § 2255 motion. *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000). The *Lurie* Court explicitly held that a § 2255 motion is not "inadequate or ineffective" merely because: (1) "§ 2255 relief has already been denied"; (2) "the petitioner has been denied permission to file a second or successive § 2255 motion"; (3) "a second or successive § 2255 motion has been dismissed"; or (4) "the petitioner has allowed the one year statute of limitations and/or grace period to expire." *Id.* Thus, a habeas petitioner cannot file a § 2241 petition in the district of incarceration merely because he no longer has avenues for relief in the sentencing district.

In his attempt to use § 2241 as a vehicle for reasserting his § 2255 claim, Petitioner argues that he is "actually innocent of his sentence" and thus satisfies the "inadequate or ineffective" prong of the savings clause. In doing so, Petitioner seeks to bring his claim within the ambit of a line of

5

cases involving "use" of a firearm during a drug or violent crime under 18 U.S.C. § 924(c). In *Bailey v. United States*, 516 U.S. 137 (1995), the Court narrowed the definition of "use" under § 924(c). In a later decision, it held that *Bailey* could be applied retroactively, in collateral review, and that a defendant could raise a *Bailey* claim, despite his failure to do so on direct appeal, if he could establish that he was actually innocent, *i.e.*, that "in light of all the evidence, 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley,* 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)).

After *Bailey* and *Bousley* were decided, many prisoners tried to raise *Bailey* claims in successive § 2255 motions. However, under 28 U.S.C. § 2255(h), a court can hear a successive § 2255 motion only if it raises an issue regarding: "[1] a new rule of *constitutional law* [2] made retroactive to cases on [3] collateral review [4] by the Supreme Court, that was [5] previously unavailable." (Emphasis added.) Because *Bailey* involved a new rule of *statutory interpretation*, rather than a new rule of constitutional law, some circuits held that a *Bailey* claim could not be raised in a successive § 2255 motion. However, other circuits concluded that an otherwise procedurally barred *Bailey* claim could be raised in a § 2241 action in order to prevent a miscarriage of justice, since a *Bailey* violation meant that a prisoner was "actually innocent" of the *crime* for which he was convicted.

Petitioner's analogy to *Bailey* and "actual innocence" is entirely misplaced. Notably, Petitioner challenges his *sentence*, not his underlying conviction. Petitioner has failed to point to any authority, retroactive or otherwise, suggesting that he was convicted of a "non-existent" crime, and therefore "actually innocent." Moreover, as noted earlier, Petitioner's sentence was *not* subject to the Guidelines. Thus, there is nothing in *Kimbrough* or in the amendments to the Guidelines

6

which  affected his sentence, much less "decriminalized" the conduct for which he was convicted.

The fact that Petitioner could not pass through the gatekeeping requirements for filing a successive petition under § 2255(h) *does not* render § 2255 inadequate or ineffective.  *See Lurie*, 207 F.3d at 1077.  In other words, merely because Petitioner now faces a procedural or substantive bar to § 2255 relief does not make § 2241 habeas relief available to him.  Thus, the Court concludes that Petitioner has failed to establish that this is one of the "rare instance[s]" where the § 2255 remedy is inadequate or ineffective.  Accordingly, the Court lacks subject-matter jurisdiction to hear Petitioner's habeas claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT Respondent's Motion to Dismiss (docket entry #6) be GRANTED, and that the case be DISMISSED, WITHOUT PREJUDICE.

Dated this 13th day of August, 2009.

_____
UNITED STATES MAGISTRATE JUDGE